25-2295-JAR-TJJ

# Federal Civil Rights Complaint Filing

Plaintiff Bryan C. Zesiger, a decorated 26-year U.S. Army veteran, Apache pilot, retired Major, Kansas agritourism advocate, co-author of Senate Bill 410, and owner of Z&M Twisted Vines Winery, respectfully submits this pro se complaint under 42 U.S.C. § 1983 for deprivation of rights under the First and Fourteenth Amendments. Plaintiff thanks the Court for its consideration and proceeds in good faith with sincere respect for the process.

This complaint is supported by exhibits, and includes a request for jury trial, as well as a motion for judicial notice of Plaintiff's professional background and public service.

Note: Only Exhibit A is included with this initial filing (denial email dated May 29 from County Counselor Misty Brown). Remaining exhibits are preserved and will be submitted upon the Court's request, or at trial, to avoid premature exposure.

### Table of Exhibits

Exhibit A: May 29, 2025 - Email denial from County Counselor Misty Brown denying KORA request citing disruption. **ATTACHED**

Exhibit B: Petition #1 filed in District Court alleging KORA retaliation and pattern of denial. **Holding for Court**

Exhibit C: Petition #3 filed in District Court linked to specific KORA request needed for timely litigation. **Holding for Court**

Exhibit D: Earlier Misty Brown denial letter asserting burden/disruption. **ATTACHED**

Exhibit E: Statement by Joe Herring citing comments by Commissioner Mike Stieben blaming delays on Plaintiff. **Holding for Court**

Exhibit F: Plaintiff's sworn affidavits regarding KORA history and denied access to key legal records. **Holding for Court**

Exhibit G: Timeline of KORA requests, denials, and corresponding legal actions filed. **Holding for Court**

Exhibit Z: Fed.R. Evid.201 Background Information of Plaintiff **ATTACHED**

UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

---

Bryan Zesiger

Plaintiff, Pro Se

v.

Leavenworth County, Kansas;

Misty Brown, in her official and individual capacity; and

Mike Stieben, in his official and individual capacity,

Defendants.

Case No. _____

Division: Kansas City

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

(Retaliation under First and Fourteenth Amendments, Denial of Access to Public Records, and Related Claims)

---

## I. INTRODUCTION

This is an action under 42 U.S.C. § 1983, the Kansas Open Records Act (KORA), and related laws, seeking redress for the Defendants' systematic retaliation against Plaintiff for exercising his constitutional rights to petition, request public records, and speak out as a private citizen.

Over a period of six months, Plaintiff submitted multiple lawful Kansas Open Records Act (KORA) requests directly tied to pending District Court litigation and matters of public concern. Rather than responding in good faith, Defendants denied, delayed, or obstructed nearly every request—eventually citing a vague "disruption" clause to justify the blanket suppression of information.

Defendants' actions constitute a pattern of First Amendment retaliation, denial of procedural due process, and abuse of power under color of law. These actions have caused Plaintiff reputational harm, impaired business relationships, and restricted access to the judicial process.

## II. JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343(a)(3), as this action arises under the U.S. Constitution and federal law (42 U.S.C. §§ 1983, 1985).
2. Supplemental jurisdiction over related Kansas state law claims is proper under 28 U.S.C. § 1367.
3. Venue is proper in this district under 28 U.S.C. § 1391(b), as all events giving rise to the claim occurred in Leavenworth County, Kansas.

## III. PARTIES

4. Plaintiff Bryan Zesiger is a Kansas resident, veteran, and owner of a farm winery business in Leavenworth County. He appears Pro Se.
5. Defendant Leavenworth County is a municipal government.
6. Defendant Misty Brown is the County Counselor, sued in both her individual and official capacities.
7. Defendant Mike Stieben is a Leavenworth County Commissioner, sued in both his individual and official capacities.

## IV. FACTUAL BACKGROUND

8. Between January and May 2025, Plaintiff submitted over a dozen KORA requests tied to active or prospective District Court petitions.
9. These requests included documents and emails relating to condemnation cases, taxation proceedings, special use permits, and internal communications.
10. On May 29, 2025, Defendant Brown denied the most recent KORA request by citing K.S.A. 45-218(f), claiming that Plaintiff's history of requests had become "disruptive."
11. The request was narrow in scope and specifically relevant to a third petition filed in District Court on the same day.

12. This blanket denial marked the 62nd denied or obstructed request within a six-month period.
13. On May 14, 2025 Leavenworth County Counselor Misty Brown—either directly, through her office, or under her direction—improperly disclosed court-related information pertaining to the undersigned's pending legal matters to a third-party attorney, Mr. Raymond of Forever Fencing, without authorization. This disclosure occurred prior to and in contradiction of a subsequent formal blanket denial issued by Ms. Brown in response to a KORA request for the same information, thereby indicating selective, extrajudicial communication in violation of the Kansas Open Records Act and basic due process protections.
14. Leavenworth County Commissioner Mike Stieben, in direct conversation with local business owner Joe Herring, falsely stated that the delays in processing Mr. Herring's county permits were due to County Counselor Misty Brown being "tied up" responding to KORA requests submitted by Z&M Twisted Vines and its owner, Bryan Zesiger. This comment—repeating hearsay from Brown—was defamatory and materially misleading. It both falsely attributes disruption of government operations to Plaintiff's lawful exercise of statutory rights under KORA and mischaracterizes the workload of Ms. Brown's office, which had, in fact, issued multiple blanket denials rather than responding in detail. The statement, coming from an elected official in a position of public trust, placed direct blame on the Plaintiff for unrelated third-party delays, effectively retaliating against Plaintiff and damaging his reputation in the business community.
15. These retaliatory actions are part of a coordinated effort to stonewall public access, damage Plaintiff's credibility, and prevent legal accountability.

## V. CLAIMS FOR RELIEF

COUNT I – First Amendment Retaliation

(42 U.S.C. § 1983 – Against All Defendants)

15. Plaintiff exercised protected speech and petition rights.

16. Defendants retaliated by obstructing KORA requests and publicly blaming Plaintiff for internal County matters.

17. This had a chilling effect on Plaintiff's speech and caused reputational harm.

In **Jones v. City of Topeka, 574 F. Supp. 3d 1163 (D. Kan. 2021),** the court held that a plaintiff who alleges a pattern of adverse governmental conduct in direct response to

First Amendment activity—such as public records requests—survives a motion to dismiss. In Jones, the retaliation stemmed from a series of information requests and civic engagement, which were met with escalating punitive behavior by the municipality.

Plaintiff's experience mirrors that standard precisely. After submitting lawful Kansas Open Records Act (KORA) requests, Plaintiff was met with abrupt denials, unfounded claims of disruption, and a refusal to process records critical to pending court actions. This clear causal chain from protected conduct to retaliatory denial falls squarely within the Jones ruling.

**Chavez v. City of Albuquerque, 402 F.3d 1039 (10th Cir. 2005)**, establishes that a pattern of denials, especially in response to a series of lawful actions, demonstrates retaliatory motive, not mere mismanagement. The 10th Circuit held that courts may infer intent to suppress lawful conduct where such a pattern is shown.

The Defendants here have refused to process numerous legitimate KORA requests culminating in a denial specifically targeting records directly tied to this litigation. Such a sustained and calculated denial supports an inference of retaliatory motive under Chavez.

COUNT II – Fourteenth Amendment Due Process Violation

(42 U.S.C. § 1983 – Against All Defendants)

18. Plaintiff was denied fair process when public records essential to ongoing litigation were withheld without due justification or hearing.

19. This constitutes a deprivation of liberty and property interests under the Constitution.

In **Warnock v. Pecos County, 116 F.3d 776 (5th Cir. 1997)**, the Fifth Circuit affirmed that public officials are not entitled to qualified immunity when they violate "clearly established" constitutional rights. The court emphasized that First Amendment protections and access to government functions are longstanding and well-defined.

Defendant Brown's repeated denial of records—especially those tied to pending litigation—and Defendant Stieben's derogatory remarks meant to chill Plaintiff's access to due process, both reflect violations of rights that were clearly established at the time of their actions. Accordingly, qualified immunity is unavailable to either defendant.

COUNT III – Conspiracy to Interfere with Civil Rights

(42 U.S.C. § 1985(3) – Against Brown and Stieben Individually)

20. Defendants coordinated to obstruct access to justice and retaliate against Plaintiff.

21. The acts were committed under color of law and with discriminatory animus against Plaintiff's public advocacy.

COUNT IV – Abuse of Power Under Color of Law

(42 U.S.C. § 1983 / K.S.A. 60-901 – Against Brown and Stieben)

22. Brown and Stieben used their offices to weaponize public policy against a private citizen, exceeding the bounds of lawful discretion.

COUNT V – Kansas Open Records Act Violation

(K.S.A. 45-215 et seq. – Against Leavenworth County and Brown)

23. Denials violated Plaintiff's statutory right to access public information under KORA.

24. The blanket "disruption" justification fails strict scrutiny under Kansas and federal constitutional standards.

COUNT VI – Defamation and Business Disparagement

(State Law – Against Stieben and Brown Individually)

25. Stieben's public statements and Brown's leaks to opposing counsel damaged Plaintiff's business and reputation.

---

## VI. ANTICIPATED DEFENSES AND LEGAL REBUTTAL

Qualified Immunity: Clearly established rights (e.g., KORA, First Amendment) were violated. See Hope v. Pelzer, 536 U.S. 730 (2002).

No Monell Liability: De facto County policy of blanket denials is sufficient. See Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978).

Failure to State a Claim: Factual allegations meet Twombly/Iqbal standard.

No Standing: Injury is specific, concrete, and causally connected to Defendants' conduct.

Absolute Immunity: Does not extend to administrative acts. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993).

Exemptions Under KORA: Do not permit retaliatory or blanket denials. See Data Tree, LLC v. Meek, 109 P.3d 1226 (Kan. 2005).

Failure to Exhaust Remedies: Not required under 42 U.S.C. § 1983. See Patsy v. Board of Regents, 457 U.S. 496 (1982).

## VII. PRESERVATION OF FUTURE CLAIMS

Plaintiff asserts that this federal filing is distinct and separate from any forthcoming claims related to property taxation, condemnation, or special use permitting in Leavenworth County. Plaintiff respectfully reserves the right to file additional federal actions as facts and denials develop.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests:

A. Declaratory judgment that Defendants violated Plaintiff's constitutional rights.

B. Injunctive relief ordering full release of improperly denied records.

C. Compensatory and punitive damages (to be determined at trial).

D. Costs and reasonable fees under 42 U.S.C. § 1988.

E. Any other relief deemed just and proper.

## IX. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

*Here in Kansas City, KS*

## REQUEST FOR JUDICIAL NOTICE UNDER FRE 201

Plaintiff respectfully requests the Court take judicial notice of the attached "Personal Background Statement," submitted pursuant to Federal Rule of Evidence 201. This document is offered not as evidence, but to provide the Court with background

regarding the Plaintiff's professional, military, and civic history, which is directly relevant to the nature, motivation, and public interest considerations underlying this action.

See Exhibit [Z] – Personal Background Statement Pursuant to Rule 201.

*[signature]*

Respectfully submitted,

Bryan Zesiger

30 May 2025
24305 Loring RR
Lawrence, KS 66044
Cell 719-244-3048

Exhibit A

 Gmail

Bryan & Gina Zesiger <zmtwistedvines@gmail.com>

# (no subject)
1 message

**Brown, Misty** <MBrown@leavenworthcounty.gov>  Thu, May 29, 2025 at 6:12 PM
To: Bryan & Gina Zesiger <zmtwistedvines@gmail.com>

Please see the attached letter in response to the Kansas Open Records Act requests you have recently filed.

Misty S. Brown

County Counselor

Leavenworth County, Kansas 66048

t. 913 684 0404

f. 913 684 0410

mbrown@leavenworthcounty.gov

CONFIDENTIALITY NOTICE: This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email or phone and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

NOTE: Email is not a secure method of communication. Any email that is sent to you or by you may be copied and held by various computers as it is transmitted. Persons not participating in our communication may intercept our communications by improperly accessing your computer or this law firm's computers—or even some computer unconnected to either of us that the email may have passed through. I am communicating to you via email because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know at once.

📎 **5.29.25 Response Letter.pdf**
69K

Exhibit A



# COUNTY OF LEAVENWORTH
### LEGAL DEPARTMENT
300 Walnut Street
Leavenworth, Kansas 66048
(913) 684-0417
Facsimile (913) 684-0410

---

Bryan Zesiger
Dr. Gina Montalbano Zesiger
Z&M Twisted Vines Vineyard
24305 Loring Road
Lawrence, KS 66044

May 29, 2025

RE: Denial of Kansas Open Records Act Request

Dear Mr. Zesiger:

This letter is in response to your three most recent requests submitted under the Kansas Open Records Act (KORA), K.S.A. 45-215 et seq.

- May 23, 205--Kansas Open Records Act Request — Disclosures to Sam Stratton and Third Parties (Ex. 51 b KORA)
- May 23, 2025--Kansas Open Records Act Request and Preservation Notice – SUP & Fire Suppression Records Related to Properties Owned by Dan Lynch (Ex-128)
- May 29, 2025--Immediate KORA Request: Communications with Licensed Surveyor – Time-Sensitive Compliance Required

You have filed 62 Kansas Open Records Requests with multiple subparts in the last six months, and 23 of these requests were filed in the last 29 days. As stated previously, the volume and frequency of your past and current requests, along with the nature and content of those submissions, it appears that these requests are not being made to obtain information for a legitimate informational purpose, but rather to intentionally disrupt, harass, or place an undue burden on agency operations. The excessive number and nature of your requests have required a disproportionate amount of staff time and resources and are interfering with the agency's ability to conduct normal operations.

For these reasons, your most recent requests are denied. Additionally, future requests that appear to have the same intent — to harass or burden the County rather than to access records for a proper purpose — may also be denied. If you believe this determination has been made in error, you have the right to seek review under K.S.A. 45-222 by filing an action in District Court.

Respectfully,

Misty S. Brown
County Counselor

Exhibit D

 Gmail

Bryan & Gina Zesiger <zmtwistedvines@gmail.com>

## KORA Response
1 message

**Brown, Misty** <MBrown@leavenworthcounty.gov>      Wed, May 14, 2025 at 4:33 PM
To: Bryan & Gina Zesiger <zmtwistedvines@gmail.com>

Please see the attached letter in response to the Kansas Open Records Act request that you have filed this month.

Misty S. Brown

County Counselor

Leavenworth County, Kansas 66048

t. 913 684 0404

f. 913 684 0410

mbrown@leavenworthcounty.gov

CONFIDENTIALITY NOTICE: This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email or phone and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

NOTE: Email is not a secure method of communication. Any email that is sent to you or by you may be copied and held by various computers as it is transmitted. Persons not participating in our communication may intercept our communications by improperly accessing your computer or this law firm's computers—or even some computer unconnected to either of us that the email may have passed through. I am communicating to you via email because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know at once.

📄 5.14.25.Response.Letter.pdf
140K



# COUNTY OF LEAVENWORTH
### LEGAL DEPARTMENT
300 Walnut Street
Leavenworth, Kansas 66048
(913) 684-0417
Facsimile (913) 684-0410

Bryan Zesiger
Dr. Gina Montalbano Zesiger
Z&M Twisted Vines Vineyard
24305 Loring Road
Lawrence, KS 66044

May 14, 2025

RE: Denial of Kansas Open Records Act Request

Dear Mr. Zesiger:

This letter is in response to your recent requests submitted under the Kansas Open Records Act (KORA), K.S.A. 45-215 et seq.

- May 8, 2025-- Kansas Open Records Act (K.S.A. 45-215 et seq.) Irvine's Beyond Paradise Farm Winery
- May 9, 2025-- Official KORA Request – Unauthorized Storage and Release of Confidential Documents on April 23, 2025
- May 12, 2025-- KORA Request: Use, Retention, and Dissemination of Private May 2023 Z&M Twisted Vines Newsletter
- May 12, 2025-- KORA REQUEST: Handwritten Notes, Informal Records, and Destruction Logs Related to Z&M Twisted Vines
- May 12, 2025-- KORA Request – Special Use Permit (SUP) Form, Taxation Impact Language, and Interdepartmental
- May 12, 2025-- KORA Request – Shadow Communications, Off-Channel Messaging, and Non-County Devices Related to Z&M Twisted Vines
- May 13, 2025-- Kansas Open Records Act (K.S.A. 45-215 et seq.) Request – Litigation and Insurance Claims (201)
- May 13, 2025-- KORA Request – Handling and Access of IRS Schedule F Form Submitted on April 26, 2022 (Exhibit-K104)
- May 13, 2025-- Formal KORA Demand and Request for Independent Investigation into Mishandling of Confidential Business Records (Exhibit-K109)
- May 14, 2025--KORA Acknowledgment and Timeline Clarification
- May 14, 2025--Kansas Open Records Act Request (K.S.A. 45-215 et seq.) — Misty Brown Communications with Forever Fencing / Raymond Reynolds (Ex-K112)

Page 2

- May 14, 2025--KORA (K.S.A. 45-215 et seq.) — Work Performed by Forever Fencing for Commissioner Willie Dove and Associated Ethics Reviews (Ex-K113)
- May 14, 2025--Kansas Open Records Act Request (K.S.A. 45-215 et seq.) – Commissioner Communications with Forever Fencing (2023–Present)
- May 14, 2025--Kansas Open Records Act Request (K.S.A. 45-215 et seq.) – Official County Awareness of Ongoing Business Operations by Forever Fencing Post-SUP Denial
- May 14, 2025--Kansas Open Records Act Request (K.S.A. 45-215 et seq.) – Forever Fencing Special Use Permit (SUP) and Zoning Enforcement History
- May 15, 2025-- KORA Request – Improper Disclosure of Public Records Request (Exhibit K114)

After reviewing the volume and frequency of your past and current requests, along with the nature and content of those submissions, it appears that these requests are not being made to obtain information for a legitimate informational purpose, but rather to intentionally disrupt, harass, or place an undue burden on agency operations.

Pursuant to the Kansas Open Records Act, while public agencies are committed to transparency and providing access to public records, the law does not obligate agencies to respond to requests that are made in bad faith or are clearly intended to disrupt the essential functions of government. The excessive number and nature of your requests have required a disproportionate amount of staff time and resources and are interfering with the agency's ability to conduct normal operations.

For these reasons, your most recent requests are denied. Additionally, future requests that appear to have the same intent — to harass or burden the County rather than to access records for a proper purpose — may also be denied.

There seems to be a general misunderstanding as to the requirements and purpose of the Kansas Open Records Act "KORA." The KORA does not require the agency to create a record in order to comply with your request. *See* Kansas Attorney General Opinion 98-51 ("If a record is not yet in existence, it is not 'recorded information' as of the date of the request and so does not meet this definition and is not a public record.") *See also*, Kansas Attorney General's website (https://ag.ks.gov/open-government/kora-faq). Further, the KORA applies to public records possessed by a public agency at the time the request is made. It does not require a public agency to conduct an investigation, do research for you, create a record it does not already possess, or write out their response to your questions.

If you believe this determination has been made in error, you have the right to seek review under K.S.A. 45-222 by filing an action in District Court.

Respectfully,

*Misty S. B—*

Misty S. Brown
County Counselor

Exhibit Z

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

Bryan Zesiger,

Plaintiff,

v.

Board of County Commissioners of Leavenworth County, et al.,

Defendants.

Case No. _____

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

(Fed. R. Evid. 201)

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiff Bryan Zesiger respectfully requests that this Honorable Court take judicial notice of the following facts. Each is publicly available, not subject to reasonable dispute, and can be verified from accurate and widely accessible government or official sources:

**1. Military Service and Federal Retirement**

Plaintiff is a retired U.S. Army Major, Apache Longbow Attack Helicopter pilot, and combat veteran with more than 26 years of service. He has flown over 700 hours in combat, including tours in Iraq and Afghanistan, and has served as a senior advisor to U.S. Central Command, the United Nations (in Mali and Haiti), and multiple multinational operations.

These facts are supported by official U.S. Army documentation and publicly accessible government military retirement systems, including DoD records and service transcripts.

Exhibit Z

## 2. Legislative Author of Kansas Senate Bill 410

Plaintiff authored significant language and testified in favor of Senate Bill 410 (formerly House Bill 2254) during the 2022 Kansas Legislative Session. The bill addressed the taxation of agritourism and specialty crops in Kansas. Plaintiff's formal testimony is part of the public legislative record and is documented by the Kansas Legislature and House Committee journals.

Plaintiff is known in the Kansas agricultural community as a primary advocate for the bill and for protecting the rights of small farmers and veteran agribusinesses.

## 3. Plaintiff's Ownership of Z&M Twisted Vines, LLC

Plaintiff is the co-founder and operator of Z&M Twisted Vines Winery and Vineyard, a family-run agricultural business located in Leavenworth County, Kansas. The business is legally registered with the Kansas Secretary of State, licensed by the Kansas Department of Agriculture, and featured in public media and statewide agritourism directories.

## 4. Candidate for Kansas State Office

Plaintiff has filed for candidacy for elected office in the Kansas State Legislature. These records are maintained by the Kansas Secretary of State and publicly available under Kansas election filings. Plaintiff's name and public statements have been listed during relevant election cycles.

## 5. Publicly Docketed Legal Proceedings

Plaintiff is engaged in multiple publicly docketed legal proceedings in Kansas District Court involving claims of:

- Retaliation,
- Unequal enforcement of special use permits (SUPs),
- Improper taxation of agricultural land,
- Denial of Kansas Open Records Act (KORA) requests.

Exhibit Z

These filings are a matter of public record in the Leavenworth County court system and are referenced in the instant federal complaint as background and context.

### 6. Background as United Nations Senior Advisor

Plaintiff has served as a U.S. military and policy advisor to the United Nations, including assignments to peacekeeping missions in Haiti and Mali. These roles are verifiable through international mission records, and Plaintiff's official statements have been previously recognized by intergovernmental bodies and published media.

### 7. Taxation Dispute with Leavenworth County

Plaintiff is a central figure in an ongoing property taxation and zoning dispute involving the improper classification of agricultural land as commercial property. This case has received media attention and is well known in the Kansas agricultural and legislative community.

The case includes:

- Property tax assessments that differ from similarly situated farms,
- A special use permit required by Leavenworth County but not by other Kansas counties,
- Formal complaints filed to the Kansas Department of Revenue and Department of Agriculture.

### Conclusion:

These facts are offered solely to provide this Court with accurate, publicly verifiable context regarding the Plaintiff's credibility, history of public service, and motivation for pursuing the present matter. They are not offered as evidence to be weighed by a jury but to assist the Court in evaluating the nature of the claims and the pro se party's legal posture.

Exhibit Z

Pursuant to Rule 201(c)(2), Plaintiff respectfully requests the Court take judicial notice of these facts and acknowledges that this Request may be supplemented as necessary during the course of proceedings.

Respectfully submitted,

_____

Bryan Zesiger

Pro Se Plaintiff

24305 Loring Rd

Lawrence, KS 66044

(719)244-3048