IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRYAN ZESIGER,

      Plaintiff,

      v.

LEAVENWORTH COUNTY, KANSAS, et al.,

      Defendants.

Case No. 2:25-CV-02295-JAR-RES

## MEMORANDUM AND ORDER

Plaintiff Bryan Zesiger, proceeding *pro se*, filed this action against Defendants Leavenworth County, Kansas, Misty Brown, and Mike Stieben, alleging that Defendants' handling of Plaintiff's Kansas Open Records Act requests violated Kansas law and the United States Constitution. This matter is now before the Court on Defendants Leavenworth County and Misty Brown's Motion to Dismiss for Failure to State a Claim (Doc. 10) and Defendant Mike Stieben's Motion to Dismiss for Failure to State a Claim (Doc. 17). Plaintiff has not filed a response to either motion, and the time to do so has expired.[1] For the reasons stated below, the Court grants both of Defendants' motions. However, the Court also grants Plaintiff leave to amend to cure the pleading deficiencies identified in this Order and grants Plaintiff an extension of time to effect proper service.

---

[1] *See* D. Kan. R. 6.1(d)(1) (providing a 21-day response deadline for dispositive motions). D. Kan. R. 7.1(c) provides that if a response is not filed by the deadline, "the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." Although the Court could grant this motion as unopposed, out of an abundance of caution, it will proceed to the merits.

## I.    Background

Before turning to the facts and merits of Defendants' motions to dismiss, the Court finds it necessary to clarify the scope of the pleadings at issue.  On June 4, 2025, Plaintiff filed a Supplement to the Complaint pursuant to Fed. R. Civ. P. 15(d).[2]  The Supplement includes materials that, according to Plaintiff, support the allegations in the original Complaint, including various statements made by Defendants Misty Brown and Mike Stieben during a June 4, 2025 meeting of the Leavenworth County Board of County Commissioners.  Rule 15(d) provides, in pertinent part: "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Thus, a party must first file a motion and obtain leave of court before filing a supplemental pleading.  In its discretion, the court may then allow filing of a proposed supplemental pleading and may impose "just terms" or conditions on the supplemental filing.  Here, Plaintiff did not file a motion or obtain leave before filing his Supplement.  Thus, Plaintiff's Supplement is procedurally inadequate, and the Court will not consider the allegations contained within it.

With that clarification, the Court turns to the allegations in Plaintiff's Complaint.  The following facts are alleged in the Complaint and assumed to be true for purposes of deciding this motion.  Between January and May 2025, Plaintiff submitted several Kansas Open Records Act ("KORA") requests to Defendant Leavenworth County regarding condemnation matters, taxation proceedings, special use permits, and internal communications.  On May 14, 2025, Defendant Misty Brown, the Leavenworth County Counselor, disclosed "court-related information" about Plaintiff's pending legal matters to a third party associated with "Forever Fencing" without

---

[2] Doc. 4.

Plaintiff's authorization.  At some point during this period, Defendant Mike Stieben, a Leavenworth County Commissioner, told a local business owner named Joe Herring that the county could not timely process Herring's permit because Defendant Misty Brown was "tied up" responding to Plaintiff's KORA requests.  On May 29, 2025, Defendant Misty Brown issued a denial of Plaintiff's most recent KORA request by citing K.S.A. § 45-218(f), claiming that Plaintiff's KORA requests had become disruptive.  The May 29 denial constituted the sixty-second time one of Plaintiff's KORA requests was denied in the preceding six-month period.

Liberally construing the Complaint, as the Court must,[3] Plaintiff asserts six claims: (1) First Amendment retaliation under 42 U.S.C. § 1983 against all Defendants; (2) Fourteenth Amendment due process violations under § 1983 against all Defendants; (3) conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3) against Defendants Misty Brown and Mike Stieben; (4) "abuse of power under color of law" under § 1983 against Defendants Misty Brown and Mike Stieben; (5) KORA violations against Defendants Leavenworth County and Misty Brown; and (6) defamation and business disparagement against Defendants Misty Brown and Mike Stieben.  Defendants Leavenworth County and Misty Brown now move to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(1), 12(b)(5) and 12(b)(6); Defendant Mike Stieben moves to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[4]

---

[3] *See Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[4] All Defendants move to dismiss Plaintiff's state-law tort claims for lack of subject-matter jurisdiction under Rule 12(b)(1).  As explained below, the Court defers ruling on this argument because, as explained below, it grants Defendants' motion to dismiss as to the federal claims with leave to amend.

## II.    Standard

### A.  Rule 12(b)(5): Insufficient Service of Process

When a defendant moves to dismiss on the basis of insufficient service of process, "the burden shifts to the plaintiff to make a prima facie showing that they served process properly."[5] In ruling on a Rule 12(b)(5) motion to dismiss, the court "may consider any 'affidavits and other documentary evidence' submitted by the parties and must resolve any 'factual doubt' in a plaintiff's favor."[6]  "A *pro se* plaintiff still must comply with Rule 4 and Kansas law for service of process."[7]

### B.  Rule 12(b)(6): Failure to State a Claim

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[8] and include "enough facts to state a claim to relief that is plausible on its face."[9]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[10]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[11]  The Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the

---

[5] *Schwab v. Kansas*, No. 16-CV-4033-DDC-KGS, 2016 WL 4039613, at *3 (D. Kan. July 28, 2016) (citing *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)).

[6] *Id*. (quoting *Fisher*, 531 F. Supp. 2d at 1260).

[7] *Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1228 (D. Kan. 2016).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Id.* at 570.

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

allegations can be proven.[12]  The Court will view all well-pleaded factual allegations in the light most favorable to Plaintiff.[13]  And because Plaintiff proceeds *pro se*, the Court must construe his filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[14]  However, Plaintiff's *pro se* status does not excuse him from complying with federal and local rules.[15]

## III.  Discussion

### A.  Failure to State a Claim

The Court begins its analysis with Defendants' Rule 12(b)(6) arguments directed at Plaintiff's federal claims under 42 U.S.C. §§ 1983 and 1985(3).  Plaintiff sues Defendants Misty Brown and Mike Stieben in both their individual and official capacities.  The Court first addresses the individual-capacity claims against Defendants Misty Brown and Mike Stieben.  Second, because a § 1983 claim against an official in his or her official capacity is tantamount to a claim against the government entity,[16] the Court addresses in tandem the official-capacity claims against Defendants Misty Brown and Mike Stieben and the claims against Defendant Leavenworth County.  As explained below, the Court finds that Plaintiff fails to state a claim on all of his federal theories but will permit him an opportunity to amend.  Accordingly, because the Court declines to exercise supplemental jurisdiction over the state-law claims, it does not reach Defendants' Rule 12(b)(1) or Rule 12(b)(6) arguments directed at those claims.

---

[12] *Iqbal*, 556 U.S. at 678.

[13] *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011).

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *see* D. Kan. R. 83.5.4(f) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

[16] *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

### 1. Individual-Capacity Claims

Defendants Misty Brown and Mike Stieben move to dismiss the individual-capacity claims alleged against them on the basis of qualified immunity. The doctrine of qualified immunity "protects government officials from suit for civil damages if their conduct does not violate clearly established statutory or constitutional rights."[17] "Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity."[18] "Asserting a qualified immunity defense via a Rule 12(b)(6) motion, however, subjects the defendant to a more challenging standard of review than would apply on summary judgment."[19] At the motion to dismiss stage, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for objective legal reasonableness."[20] The court considers: "(1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of defendant's alleged misconduct."[21]

Once the defense of qualified immunity is adequately raised, the plaintiff bears the burden to show that the defendant is not entitled to qualified immunity.[22] The court has discretion to determine "which of the two prongs of the qualified immunity analysis should be

---

[17] *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016); *see also Ziglar v. Abbasi*, 582 U.S. 120, 150–51 (2017) ("The doctrine of qualified immunity gives officials 'breathing room to make reasonable but mistaken judgments about open legal questions.'" (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011))).

[18] *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014).

[19] *Id.* (quoting *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004)).

[20] *Id.* (emphasis in original) (internal quotation marks omitted) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)).

[21] *Myers v. Brewer*, 773 F. App'x 1032, 1036 (10th Cir. 2019) (quoting *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013)).

[22] *Thomas*, 765 F.3d at 1194.

addressed first in light of the circumstances in the particular case at hand."[23]  "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity."[24]

Defendants Misty Brown and Mike Stieben argue that the Complaint fails to plausibly allege a violation of Plaintiff's constitutional rights and that they are therefore entitled to qualified immunity.  Accordingly, the Court considers whether Plaintiff plausibly alleges a constitutional violation under each theory asserted in the Complaint: (1) First Amendment retaliation, (2) Fourteenth Amendment procedural due process violations, (3) "abuse of power under color of law," and (4) conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3). As explained below, each theory fails at the first prong because the Complaint does not plausibly allege a constitutional violation.  Therefore, Defendants Misty Brown and Mike Stieben are entitled to qualified immunity.

### a.  First Amendment Retaliation

To plausibly state a claim for First Amendment retaliation, a plaintiff must show: (1) that the plaintiff was engaged in constitutionally protected activity; (2) the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.[25]  "[W]hen the plaintiff alleges that the defendant's action was taken in retaliation for protected speech, our standard for

---

[23] *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

[24] *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001).

[25] *McLinn v. Thomas Cnty. Sheriff's Dep't*, 535 F. Supp. 3d 1087, 1105 (D. Kan. 2021).

evaluating that chilling effect on speech is objective, rather than subjective. . . . '[A] trivial or de minimis injury will not support'" a First Amendment retaliation claim.[26]

Here, Plaintiff alleges no facts establishing that he engaged in constitutionally protected activity in the first place. Plaintiff only identifies the several KORA requests he submitted to Defendant Leavenworth County to obtain documents relating to "condemnation cases, taxation proceedings, special use permits, and internal communications."[27] But there is no First Amendment right to obtain county records; any access right arises, if at all, from state law.[28] On that basis alone, Plaintiff's First Amendment retaliation theory fails at step one.

However, even if Plaintiff's KORA requests were a constitutionally protected activity, Defendant Misty Brown's denial of his KORA requests on May 29, 2025 would not, as a matter of law, chill a person of ordinary firmness from continuing to engage in protected activity. The Tenth Circuit has held that a municipality's refusal to provide requested documents to a plaintiff was, at most, a de minimis injury insufficient to support a First Amendment retaliation claim.[29] Likewise, Defendant Misty Brown's denial of Plaintiff's KORA requests is, at most, a de minimis injury. And Plaintiff has not otherwise alleged facts showing that his speech was inhibited in any way by the denial of his KORA requests.

Furthermore, Plaintiff's remaining allegations—that Defendant Misty Brown disclosed Plaintiff's "court-related" information to a third party associated with "Forever Fencing," and that Defendant Mike Stieben made a comment to a local business owner relating to Plaintiff's

---

[26] *Eaton v. Meneley*, 379 F.3d 949, 954–55 (10th Cir. 2004) (quoting *Poole v. County of Otero*, 271 F.3d 955, 960 (10th Cir. 2001), *abrogated on other grounds by Hartman v. Moore*, 547 U.S. 250 (2006)).

[27] Doc. 1 ¶ 9.

[28] *See Shero v. City of Grove*, 510 F.3d 1196, 1202 (10th Cir. 2007) ("Clearly, then, [plaintiff] has no First Amendment right to receive the council packets from the City, but rather only a state right under the [Oklahoma Open Records Act] . . . .").

[29] *See id.* at 1204.

KORA requests—would not chill a person of ordinary firmness from continuing to engage in protected activity. "Even in the context of [a] First Amendment retaliation case, injury to one's reputation is not enough to establish a chilling effect,"[30] and no cognizable injury occurs if a defendant's disparaging statement "carried no penalties."[31]

Plaintiff does not allege that he suffered penalties as a result of Defendant Misty Brown's disclosure or Defendant Stieben's comment—no threat of violence, jail time, fine, or loss of a concrete benefit. Instead, Plaintiff alleges that "Defendants retaliated by obstructing KORA requests and publicly blaming Plaintiff for internal county matters," which purportedly had "a chilling effect on Plaintiff's speech" because it "caused reputational harm."[32] As the Complaint itself asserts, these allegations show only reputational harm and are therefore insufficient to establish an injury within the meaning of a First Amendment retaliation claim. As such, Plaintiff fails to plausibly state a claim for First Amendment retaliation.

### b.  Fourteenth Amendment Due Process

The Fourteenth Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law."[33] To plausibly state a procedural due process claim, Plaintiff must establish two elements: (1) that he had a constitutionally protected liberty or property interest such that the due process protections were applicable, and (2) that he was not "afforded an appropriate level of process."[34]

---

[30] *Douglass v. Garden City Cmty. Coll.*, 652 F. Supp. 3d 1329, 1349 (D. Kan. 2023) (quoting *Eaton v. Meneley*, 379 F.3d 949, 956 (10th Cir. 2004)).

[31] *Schmidt v. Huff*, No. 25-CV-2081-EFM-GEB, 2025 WL 2374153, at *5 (D. Kan. Aug. 14, 2025) (quoting *Phelan v. Laramie Cnty. Cmty. Coll. Bd. of Trs.*, 235 F.3d 1243, 1248 (10th Cir. 2000)).

[32] Doc. 1 ¶¶ 16–17.

[33] U.S. Const. amend. XIV, § 1.

[34] *Copelin-Brown v. N.M. State Pers. Office*, 399 F.3d 1248, 1254 (10th Cir. 2005) (quoting *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998)).

In his Complaint, Plaintiff alleges that he "was denied fair process when public records essential to ongoing litigation were withheld without due justification or hearing," and that "[t]his constitutes a deprivation of liberty and property interests under the constitution."[35] However, even if Plaintiff had a liberty or property interest in the public records he sought, an unauthorized intentional deprivation of property by a state employee does not give rise to a due process violation if state law provides an adequate post-deprivation remedy.[36] Addressing the adequacy of post-deprivation remedies in the context of a procedural due process claim, the Supreme Court stated:

> In procedural due process claims, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*. The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law.[37]

Here, Plaintiff's due process claim appears to arise solely out of the denial of his KORA requests "without due justification or hearing."[38] However, an examination of "the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation" makes it apparent that KORA itself furnishes an adequate post-deprivation remedy.[39] Under KORA, a requester may seek judicial review of a KORA denial in the state district court where

---

[35] Doc. 1 ¶¶ 18–19.

[36] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

[37] *Zinermon v. Burch*, 494 U.S. 113, 125–26 (1990) (emphasis in original) (internal citations and footnote omitted).

[38] Doc. 1 ¶ 18.

[39] *Zinermon*, 494 U.S. at 126.

the records are kept and may pursue injunctive, mandamus, declaratory, or other appropriate relief.[40]  Furthermore, in an action brought under KORA, the state district court decides the case de novo with the burden of proof on the public entity to justify its action.[41]  In light of these procedural safeguards, Plaintiff's right under KORA to seek judicial review of his KORA denials is his adequate post-deprivation remedy in this case, and he makes no argument as to why judicial review would be unavailable or insufficient.[42]  Accordingly, Plaintiff fails to plausibly state a Fourteenth Amendment due process violation.

### c.   "Abuse of Power under Color of Law"

In his Complaint, Plaintiff brings a § 1983 claim for "abuse of power under color of law."[43]  In support of his claim, Plaintiff asserts a single allegation that "Brown and Stieben used their offices to weaponize public policy against a private citizen, exceeding the bounds of lawful discretion."[44]  It is unclear what constitutional theory Plaintiff intends to advance.  "Abuse of power under color of law" is not a federal cause of action, and the Complaint cites no specific constitutional provision that could supply the basis of a § 1983 claim.

Furthermore, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[45]  Plaintiff's single, conclusory assertion that Defendants "weaponized" public policy—without identifying the

---

[40] K.S.A. § 45-222(a).

[41] K.S.A. § 45-222(b)–(c).

[42] *See Hartwick v. Bd. of Trustees of Johnson Cnty. Cmty. Coll.*, 782 F. Supp. 1507, 1514–15 (D. Kan. 1992) (finding that a state judicial review mechanism constitutes an adequate post-deprivation remedy).

[43] Doc. 1 at 6.

[44] *Id.* ¶ 22.

[45] *West v. Atkins*, 487 U.S. 42, 48 (1988).

11

particular constitutional right at issue or alleging facts that would make a constitutional violation plausible—does not meet this requirement. Even liberally construing the Complaint, the "abuse of power" claim fails to tie Defendants Misty Brown and Mike Stieben's conduct to any cognizable constitutional violation. Accordingly, Plaintiff fails to state a claim.

### d. Conspiracy to Interfere with Civil Rights

Plaintiff asserts a claim for conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3). Under § 1985(3), a cause of action arises when "two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."[46] The law is clear that a § 1985(3) cause of action "require[s] a showing of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'"[47]

Here, Plaintiff does not allege racial or class-based animus behind Defendants Misty Brown and Mike Stieben's actions in this case. Instead, Plaintiff alleges that "Defendants coordinated to obstruct access to justice and retaliate against Plaintiff," and that Defendants' acts were committed "with discriminatory animus against Plaintiff's *public advocacy*."[48] Animus toward a plaintiff's "public advocacy" does not satisfy the "class-based" requirement under § 1985(3).[49] Because Plaintiff fails to allege racial or class-based discriminatory animus as required to state a plausible claim under 42 U.S.C. § 1985(3), he fails to state a claim.

---

[46] 42 U.S.C. § 1985(3).

[47] *Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

[48] Doc. 1 ¶¶ 20–21 (emphasis added).

[49] *See Brown v. Reardon*, 770 F.2d 896, 905–06 (10th Cir. 1985) (rejecting the argument that those targeted for "their political beliefs or their expression of the same" form a § 1985(3) class; holding that plaintiffs "failed to show that they were members of a recognized class" and "failed to show class-based discrimination sufficient to invoke § 1985(3)").

Alternatively, to the extent Plaintiff intends to advance a civil conspiracy claim under 42 U.S.C. § 1983, the Complaint still fails to allege a plausible claim. To state a claim for civil conspiracy under § 1983, a plaintiff must allege (1) specific facts that show an agreement and concerted action among defendants, and (2) an actual deprivation of a constitutional right.[50] Because the Court has already determined that Plaintiff has failed to establish the existence of any plausible constitutional violation—an essential element of a civil conspiracy claim—Plaintiff fails to state a claim for conspiracy.

### 2. Municipal and Official-Capacity Claims

The Court next addresses Plaintiff's § 1983 claims against Defendant Leavenworth County and against Defendants Misty Brown and Mike Stieben in their official capacities. Again, as discussed, an official-capacity claim against a municipal official is merely another way of pleading an action against the entity itself.[51] Accordingly, the following analysis applies equally to Plaintiff's claims against Defendant Leavenworth County and the official-capacity claims against Defendants Misty Brown and Mike Stieben.

Defendant Leavenworth County moves for the dismissal of all claims against it because it is not an entity that can be sued under Kansas law. Under Fed. R. Civ. P. 17(b)(3), a party's capacity to be sued in federal court is determined by the law of the state where the court sits. Kansas law provides that "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be 'The board of county commissioners of the county of _____[.]'"[52] Because Plaintiff has named "Leavenworth County" itself instead of the

---

[50] *Douglass v. Garden City Cmty. Coll.*, 543 F. Supp. 3d 1043, 1060 (D. Kan. 2021).

[51] *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (noting that a suit against a municipal officer in their official capacity "generally represent[s] only another way of pleading an action against an entity of which [the] officer is an agent" and, therefore, is not against the official personally).

[52] K.S.A. § 19-105.

Board of County Commissioners of Leavenworth County, as Kansas law requires, his claims against Defendant Leavenworth County fail to state a claim for relief.

Even if Plaintiff could properly sue Defendant Leavenworth County, the Complaint still fails to allege facts sufficient to state a § 1983 claim against it. Plaintiff's 1983 allegations against Defendant Leavenworth County rest on the actions of Defendants Misty Brown and Mike Stieben. But the Supreme Court has made clear that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."[53] Put differently, "a local government cannot be held liable under § 1983 on a *respondeat superior* theory."[54] Instead, a local government may be liable under § 1983 only when a plaintiff establishes (1) an official policy or custom, (2) that caused their civil rights injury, and (3) deliberate indifference by the government entity.[55] An "official policy or custom" may take one of the following forms:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.[56]

Here, Plaintiff's allegations that (1) Defendant Misty Brown disclosed "court-related information" about Plaintiff's pending legal matters to a third party associated with "Forever Fencing," and (2) Defendant Mike Stieben told a local business owner that the county could not timely process his permit because Defendant Misty Brown was "tied up" responding to

---

[53] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

[54] *Id.* at 659.

[55] *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1034 (10th Cir. 2020).

[56] *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019).

Plaintiff's KORA requests do not describe an official policy or custom. Plaintiff alleges no facts showing that either act was taken pursuant to a formal policy, reflected a widespread and well-settled practice, was made by a final policymaker, or resulted from a failure to adequately train or supervise employees amounting to deliberate indifference.

However, Plaintiff does allege that Defendant Leavenworth County, acting through County Counselor Misty Brown, made the decision to deny several of Plaintiff's KORA requests on May 29, 2025. This allegation plausibly alleges an official policy or custom because "[i]f the decision to adopt that particular course of action is properly made by that government's authorized decisionmakers, it surely represents an act of official government 'policy' as that term is commonly understood."[57]

Nevertheless, Plaintiff fails to allege facts connecting the May 29 denial of his KORA requests to a constitutional injury. As previously discussed, the Complaint fails to plausibly allege a constitutional injury in the first place. And even if it did, Plaintiff pleads no facts from which deliberate indifference by Defendant Leavenworth County can be plausibly inferred. Absent factual allegations of causation and deliberate indifference, Plaintiff fails to plead a viable basis for municipal liability against Defendant Leavenworth County. Therefore, the Complaint fails to state a plausible claim for relief against Defendant Leavenworth County and Defendants Misty Brown and Mike Stieben in their official capacities.

### 3. State-Law Claims

Having concluded that Plaintiff fails to state any federal claim over which the Court has original jurisdiction, the Court turns to the status of the remaining state-law claims alleged in the Complaint. Where, as here, the federal claims are subject to dismissal under Rule 12(b)(6), a

---

[57] *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986).

court has discretion over whether to exercise supplemental jurisdiction.[58]  And in this sort of

case, the Supreme Court has instructed courts generally to decline to exercise it.[59]  Even so, there

are exceptions to the general rule.  The Tenth Circuit has directed courts to "consider and weigh

in each case, and at every stage of the litigation, the values of judicial economy, convenience,

fairness, and comity" when determining whether to exercise supplemental jurisdiction.[60]

Here, the factors confirm that the Court should decline to exercise supplemental

jurisdiction.  Plaintiff's federal claims are being dismissed at the pleading stage and before any

discovery has taken place.  All the parties are Kansas residents.  Resolution of the claims would

require the Court to take substantive positions on Kansas state law.  And nothing about the state-

law claims implicate federal interests or bear on federal policy issues.  The Court, in its

discretion, therefore declines to exercise supplemental jurisdiction over the remaining state-law

claims.  But as described below, the Court grants Defendants' motions to dismiss as to the

federal claims with leave to amend.  Accordingly, the Court does not reach Plaintiff's state-law

claims at this time and expresses no view on whether Plaintiff has stated any viable claim under

Kansas law.

### 4.  Leave to Amend

In light of the above, the Court concludes that Plaintiff's federal claims are subject to

dismissal under Rule 12(b)(6) because the Complaint does not state a plausible claim for relief.

However, a *pro se* litigant is generally entitled to notice and an opportunity to amend the

complaint to overcome any deficiency unless it is clear that no amendment can cure the defect.[61]

---

[58] 28 U.S.C. § 1367(c)(3).

[59] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *accord King v. Fleming*, 899 F.3d 1140, 1154 (10th Cir. 2018).

[60] *King*, 899 F.3d at 1154.

[61] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Because Plaintiff proceeds *pro se* and amendment may cure at least some of the defects cited above, the Court will grant Plaintiff an opportunity to amend to remedy the deficiencies identified in this Order.  As such, Plaintiff must file an amended complaint within twenty-one days of this Order.  Failure to file an amended complaint within this time will result in dismissal of this action without further notice.  The Court notes that, in the event Plaintiff fails to timely file an amended complaint and the Court dismisses Plaintiff's § 1983 claims—the claims in which the Court has original jurisdiction—the Court will decline to exercise its supplemental jurisdiction over any state-law claims to the extent the Complaint asserts them and will dismiss those claims without prejudice.[62]

### B. Insufficient Service of Process

The Court next turns to Defendant Leavenworth County's argument that Plaintiff's claims should be dismissed for insufficient service of process.  Under Fed. R. Civ. P. 4(j)(2), service upon a state or local government defendant who has not filed a waiver of service may be effected by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Under Kansas law, a plaintiff may effect service by return receipt delivery, personal service, or residence service.[63]  To serve a county under Kansas law, a plaintiff must serve (1) one of the county commissioners; (2) the county clerk; or (3) the county treasurer.[64]  A plaintiff must show that they substantially complied with the

---

[62] *See* 28 U.S.C. § 1367(c)(3); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

[63] *See* K.S.A. § 60-303.

[64] K.S.A. § 60-304(d)(1).

applicable service requirements for process to be sufficient.[65]  Kansas law defines "substantial compliance" as "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute."[66]

Here, Plaintiff attempted to serve Defendant Leavenworth County by serving the Complaint on Misty Brown, the Leavenworth County Counselor, rather than on a county commissioner, the county clerk, or the county treasurer.[67]  That attempt does not satisfy Rule 4(j)(2) or K.S.A. § 60-304(d)(1).  Kansas law establishes that "[w]hen the statute designates a particular recipient for process, courts must enforce that statutory procedure."[68]  "Allowing [a] plaintiff to serve someone other than those individuals listed in [§] 60-304(d) would violate the clear language of the statute and would not substantially comply with the statutory requirements."[69]  Because Plaintiff served the county counselor rather than one of the statutorily enumerated county officials, he did not substantially comply with the applicable service requirements, and service was therefore insufficient under Rule 4(j)(2) and K.S.A. § 60-304(d)(1).

---

[65] *Hueffmeier v. Talentum Empowerment Inst., LLC*, No. 22-CV-2333-JAR-ADM, 2023 WL 6849175, at *4 (D. Kan. Oct. 17, 2023).

[66] *Fisher v. DeCarvalho*, 314 P.3d 214, 219 (Kan. 2013) (quoting *Myers v. Bd. of Cnty. Comm'rs of Jackson Cnty.*, 127 P.3d 319, 323 (Kan. 2006)).

[67] Doc. 5.

[68] *Rader v. U.S.D. 259 Wichita Pub. Sch.*, No. 10–4118–KHV, 2011 WL 2144834, at *1 (D. Kan. May 31, 2011) (citing *Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994)).

[69] *Rivera v. Riley Cnty. L. Bd.*, No. 11-CV-02067-JAR-JPO, 2011 WL 4686554, at *3 (D. Kan. Oct. 4, 2011) (finding that a plaintiff did not substantially comply with K.S.A. § 60-304(d) when the plaintiff did not serve any of the individuals designated to accept service for a government agency under the statute); *Schwab v. Kansas*, No. 16-CV-4033-DDC-KGS, 2016 WL 4039613, at *3–4 (D. Kan. July 28, 2016) (holding that a plaintiff did not substantially comply with K.S.A. § 60-304(d)(1) when the plaintiff served a receptionist at the county attorney's office not one of the county commissioners, the county clerk, or the county treasurer); *see Blogref v. Sedgwick Cnty. Sheriff Dep't*, No. CV 18-2471-KHV, 2019 WL 2174058, at *1 (D. Kan. May 20, 2019) ("[W]hen the statute designates a particular officer to whom process must be delivered and with whom it may be left, . . . no other officer or person can be substituted in her place." (quoting *Knight v. Kansas*, No. 89-2392-0, 1990 WL 154206, at *2 (D. Kan. Sept. 6, 1990))).

However, before dismissing a claim for failure to serve process, the Tenth Circuit requires that district courts inquire whether a plaintiff has demonstrated good cause for failing to timely effect proper service.[70]  If a plaintiff shows good cause, they are entitled to a mandatory extension of time to effect proper service.[71]  But even in the absence of good cause, a court may, in its discretion, still grant a permissive extension of time.[72]  Relevant factors for a court to consider when deciding whether to grant a permissive extension include whether a plaintiff is proceeding *pro se*, whether the defendant had actual notice of the lawsuit, the danger of prejudice to the defendant, the length of the delay, and whether the applicable statute of limitations would bar a re-filed action.[73]  "Generally, when the Court finds that service is insufficient but curable, it should quash service and give plaintiff an opportunity to re-serve defendant."[74]

Here, because Plaintiff has not responded to Defendants' motion to dismiss, the Court finds that Plaintiff has not shown good cause for failing to effect proper service and thus is not entitled to a mandatory extension.  Nonetheless, the relevant factors support granting a permissive extension in this case: Plaintiff proceeds *pro se*; Defendant Leavenworth County has received notice of the lawsuit and has demonstrated, through its present motion, its ability to defend against it; and nothing in the record suggests that permitting re-service would prejudice Defendant Leavenworth County, particularly given that Plaintiff must amend in order to avoid dismissal.  Accordingly, the Court in its discretion quashes service and grants Plaintiff sixty days

---

[70] *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[71] *Id.*

[72] *Id.*

[73] *See, e.g., Moore v. Teamsters Local 41*, No. 14-2122-JTM, 2015 WL 859074, at *2 (D. Kan. Feb. 27, 2015); *Hopkins v. Clinton*, No. CV 09-185 JCH/CG, 2009 WL 10665432, at *2 (D.N.M. Oct. 30, 2009).

[74] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 (D. Kan. 2008).

from the date of this Order to effect proper service of an amended complaint upon the Board of County Commissioners of Leavenworth County, in accordance with Fed. R. Civ. P. 4(j)(2) and K.S.A. § 60-304(d)(1).  If Plaintiff fails to timely effect service within the time permitted, Defendant Leavenworth County will be dismissed from this action.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants Leavenworth County and Misty Brown's Motion to Dismiss for Failure to State a Claim (Doc. 10) and Defendant Mike Stieben's Motion to Dismiss for Failure to State a Claim (Doc. 17) are **granted with leave to amend within twenty-one (21) days from the date of this Order**.  If Plaintiff fails to file an amended complaint within the time permitted, this case will be dismissed.

**IT IS FURTHER ORDERED** that if Plaintiff opts to amend, he shall have **sixty (60) days** from the date of this Order to effect proper service of that amended complaint on the Board of County Commissioners of Leavenworth County.  If Plaintiff fails to timely effect service of the amended complaint within 60 days, Defendant Leavenworth County will be dismissed from this action.

**IT IS SO ORDERED.**

Dated: October 21, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE